IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAI NGO NG, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:20-cv-1454-S (BT) |
| | § | |
| MARC MOORE, in his official | § | |
| capacity, Field Office Director | § | |
| ICE Enforcement and Removal | § | |
| Operations, Dallas, Texas, et al., | § | |
|     Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, § 636(b), as implemented by an Order of the United States District Court. For the following reasons, Petitioner's motion to dismiss should be granted, and her petition should be dismissed without prejudice for lack of jurisdiction.

I.

On June 5, 2020, Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. She is a national and citizen of Indonesia who resides in Dallas, Texas on a B-1/B-2 visa. When she filed her § 2241 petition, Petitioner was detained in Newkirk, Oklahoma. She was taken into custody

1

by Immigration and Customs Enforcement (ICE), and she has been in their custody since November 27, 2019.

On August 11, 2020, Petitioner filed the instant motion to dismiss her § 2241 petition. In it, she contends that she is currently in the custody of ICE officials at Newkirk, Oklahoma, and her custody is under the jurisdiction of the United States District Court for the Western District of Oklahoma at Oklahoma City, Oklahoma. According to Petitioner, her attorney, Michael Milone Presti, has entered his appearance in the United States District Court for the Western District of Oklahoma, and her case will proceed there under Case Number CIV-20-539-R before the Honorable David Russell.

## II.

A § 2241 petition "must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); *see also Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978) (per curiam) (noting that the district court does not have jurisdiction to consider a § 2241 petition unless the federal prisoner or his custodian are found within the jurisdiction of the district court). "Without such jurisdiction, the court has no authority to direct the actions of the restraining authority." *Lee v. Wetzel*, 244 F.3d 370, 374 (5th Cir. 2001) (quoting *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999)). Moreover, when a district court does not have jurisdiction

over a § 2241 petition, the petition should be dismissed without prejudice to permit it to be filed in the proper court. *Id.* at 375. Here, on June 5, 2020, Petitioner, through counsel, filed her § 2241 petition in the Dallas Division of the Northern District of Texas. At that time, she was being detained in Newkirk, Oklahoma, which lies within the Western District of Oklahoma. Consequently, the Northern District of Texas, Dallas Division, lacks jurisdiction over the § 2241 petition, and dismissal without prejudice is appropriate.

III.

For the foregoing reasons, the Court recommends that the petition be dismissed without prejudice for lack of jurisdiction.

Signed September 11, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).